## THE STATE *v.* BAILEY.

An indictment lies for keeping a disorderly house.

An allegation, that the party kept such house on a day specified and on divers days and times, &c., is sufficient.

It is sufficient if the indictment charge the offence to have been committed "unlawfully," without saying "knowingly" or "corruptly."

It is not necessary in such case to allege that the house was kept for *lucre and gain.*

INDICTMENT, for keeping a disorderly house. The indictment was in the following form:

The jurors, &c., present that D. Bailey, &c., on the first day of, &c., and on divers other days and times between that day and the day of taking this inquisition at A., &c., with force and arms a certain common, ill-governed, and disorderly house unlawfully did keep and maintain, and in said house for his own gain and lucre, certain evil-disposed persons, as well men as women, of evil name, fame, and conversation to come together, on the days and times aforesaid, there unlawfully and willingly did cause and procure; and the said persons in the said house at unlawful times, as well in the night as the day, on the days and times aforesaid, there to be and remain drinking, tippling, cursing, swearing, quarrelling, and otherwise misbehaving themselves, unlawfully did permit and suffer, to the great injury and common nuisance of all the peaceable citizens of said State there residing, inhabiting, and passing; to the evil example, &c., and against the peace and dignity of the State.

The second count differed from the first only in the omission of the words "*for his own gain and lucre.*"

The State *v.* Bailey.

· The respondent filed a special demurrer assigning for causes,

That the indictment does not disclose any offence known to our law.

That several distinct offences are shown in each count.

It is not alleged that the respondent knowingly and corruptly kept such house.

The indictment alleges the offence to have been committed between certain days.

The second count does not allége the keeping such house *for gain or lucre.*

*Sargent,* Solicitor for the State.

*Quincy, Pike,* and *Tenney,* for the respondent.

Bell, J.    The demurrer raises the questions, whether keeping a disorderly house is an offence at common law, and whether the common law on this subject is in force here ; and whether the indictment is sufficient as to the time and as to setting forth the offence distinctly ; and whether the second count is bad, on account of the omission of the allegation that the house was kept for gain or 'lucre.

As to the first point, it is not a question open to any doubt, that keeping a disorderly house is indictable at common law as a nuisance.   It was expressly decided in *Rex* v. *Higginson,* 2 Burr. 1232, that such indictment was good.    A precedent in the form used in this case is found in 2' Chitty's Crim. Law, 40 ; and see *Commonwealth* v. *Stewart,* 1 Serg. & Rawle, 342, there cited ; Cro. Cir. Comp. 523 ; Burn's Justice, tit. Lewdness ; *Stephens* v. *Watson,* 1 Salk. 45 ; Com. Dig., Jus. Peace, B. 25 ; Ros. Crim. Ev. 794 ; 1 Wheat. Crim. Cases, 290 ; *State* v. *Clark,* and *State* v. *Bertheal,* and *Smith* v. *The Commonwealth,* cited in 5 U. S. Dig. 462, and 8 U. S. Dig. 288.

We think there can be no doubt that this part of the common law is in force in this State.   In our state of society the occasions for prosecutions under it have been rare, but no presumption can be admitted so inconsistent with human character, as

would be the idea that this law has not sometimes been used and approved here.    Constitution of N. H. pt. 2, § 90 ; *Mayo* v. *Wilson*, 1 N. H. Rep. 58 ; *State* v. *Rollins*, 8 N. H. Rep. 550.

The allegation of the time, and the manner of stating the offence in this indictment is the same substantially as is found in *Rex* v. *Higginson*, 2 Burr. 1232 ; 2 Chitty's Crim. Law, 40 ; *Commonwealth* v. *Stewart*, there cited, and Cro. Cir. Com. 523. The offence consists in the repetition of improper conduct.

We regard the omission of the allegation, that the respondent kept the house *for gain or lucre*, as not material.    The substance of the offence is the keeping such a house as is a common nuisance to the community, and whether this is done for the motive of gain or for some other object is unimportant.    In this respect we can see no difference between this case and the case of an indictment for keeping a brothel, a gaming-house, or any other disorderly house.    They are all indictable on the same principle, to wit, that they are nuisances.    In Jac. Law Dict. tit. Bawdy-house, is a precedent of an indictment for keeping such a house in which this averment is omitted.

*Demurrer overruled.*